**UNITED STATES OF AMERICA,**
**Plaintiff—Appellee,**

v.

**Jesus GALVAN–GARCIA, Defendant—**
**Appellant.**

No. 04–50531.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2005.*

Decided May 20, 2005.

Joanna P. Baltes, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gerald B. Singleton, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, FISHER, and BYBEE, Circuit Judges.

MEMORANDUM **

Jesus Galvan–Garcia was convicted following a conditional guilty plea to importa-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion of marijuana in violation of 21 U.S.C. §§ 952 and 960. He appeals the district court's order granting the government's motion in limine to preclude him from introducing evidence regarding the arrest of the prior owner of the pickup truck, Arnoldo Acedevo–Lopez, on the grounds that such evidence was inadmissible under Federal Rule of Evidence 403 and constituted improper prior bad acts evidence under Rule 404(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The "identity" exception to Rule 404(b)'s exclusion of prior bad acts evidence "requires that the characteristics of the other crime or act be 'sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue.'" *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir.1991) (quoting *United States v. Andrini*, 685 F.2d 1094, 1097 (9th Cir.1982)). Because there is nothing novel or distinct about Acedevo–Lopez's offense, the district court did not abuse its discretion in excluding the proffered evidence under Rule 404(b).

Galvan–Garcia also argues that our decision here is controlled by *United States v. Vallejo*, 237 F.3d 1008 (9th Cir.2001). In that case, we found evidence that another person may have committed the charged offense relevant because "the similarity of circumstances surrounding [the prior car owner's] arrest provide[d] an alternative theory of how the drugs were secreted in [defendant's] car without his knowledge." *Id.* at 1023. Here, however, nothing here warrants departing from the general rule that "evidence of another person's similar arrest may be too remote" to be relevant. *See id.* Accordingly, we conclude that the district court did not abuse its discretion in excluding the evidence concerning Acede-

vo–Lopez on the ground that it was irrelevant.

AFFIRMED.